IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA GAYNOR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARRIOTT HOTEL SERVICES, INC. d/b/a | : | |
| RESIDENCE INN BY MARRIOTT, LLC | : | |
| and WILLIAM WALSH | : | NO. 13-3607 |

<u>MEMORANDUM</u>

**Padova, J.**                                                                                       August 13, 2013

On June 1, 2012, Plaintiff Linda Gaynor, a Pennsylvania citizen, tripped and fell on a sidewalk adjacent to a Marriott Residence Inn in Philadelphia. Plaintiff subsequently filed a Complaint in the Court of Common Pleas of Philadelphia County, naming as defendants Marriott Hotel Services, Inc. d/b/a Residence Inn by Marriott, LLC ("Marriott"), a Delaware corporation with its principal place of business in Maryland, and William Walsh, a citizen of Pennsylvania who was the general manager of the Marriott Residence Inn at the time of Plaintiff's fall. Defendants timely removed the action to this Court on the basis of diversity jurisdiction, contending in their Notice of Removal that Plaintiff had fraudulently joined Walsh in order to destroy diversity of citizenship.

Presently before the Court is Plaintiff's Motion to Remand, which contests Defendants' assertion of fraudulent joinder, and seeks attorney's fees and costs associated with the removal of the case to federal court. For the following reasons, we grant Plaintiff's Motion to Remand insofar as it seeks remand, but deny the Motion insofar as it seeks attorney's fees and costs.

**I.   BACKGROUND**

The Complaint alleges that, on June 1, 2012, Plaintiff was walking on a sidewalk adjacent to the Marriott Residence Inn at 1201 Market Street in Philadelphia, when she tripped on a

sidewalk defect and fell to the ground. (Compl. ¶ 12.) As a result of her fall, Plaintiff sustained injuries, including a fractured left humerus. (Id. ¶ 17.) Under the terms of a management service contract, Marriott maintained and managed the sidewalk on which Plaintiff fell. (Id. ¶ 9.) Marriott, as a corporation, acted through its agents, employees, and representatives, which at the time included the then-general manager of the hotel, William Walsh. (Id. at ¶¶ 3, 10, 23.) According to the Complaint, Marriott and Walsh failed in their duties to maintain and repair the sidewalk and/or to warn of the sidewalk's unsafe condition. (Id. ¶¶ 11, 25.)

Plaintiff commenced this action by way of writ of summons in the Philadelphia Court of Common Pleas on December 26, 2012. The writ of summons identified only "The Marriott Down Town" as a defendant. At the same time that she filed her writ of summons, Plaintiff also filed a Motion for Pre-Complaint Discovery, which the Court of Common Pleas granted on February 14, 2013. (See Ex. J to Notice of Removal.) In her pre-Complaint interrogatories, Plaintiff inquired as to the name and address of the general manager of the hotel on the accident date. (See Ex. O to Notice of Removal, at 3.) Marriott responded that Walsh was the General Manager and stated that he could be contacted through defense counsel. (See Marriott's Resp. to Pl.'s Mot. to Remand, at 8.) Plaintiff subsequently sent a three-page letter to Marriott in which she addressed Marriott's numerous objections to her pre-Complaint requests and asked, among other things, that Marriott supplement its answers with the state in which Walsh resided. (See Ex. P to Notice of Removal, at 2.) Marriott responded that Walsh was a resident of Pennsylvania. (See Ex. Q to Notice of Removal, at 2.) On May 23, 2013, Plaintiff filed her Complaint in the Philadelphia Court of Common Pleas, naming both Marriott and Walsh as defendants and asserting negligence claims against both parties.

On June 24, 2013, Defendants filed a Notice of Removal based on diversity jurisdiction,

2

asserting in the Notice both that Plaintiff had demanded $250,000 to settle the matter, thereby establishing an amount in controversy greater than $75,000, and that Walsh had been fraudulently joined in the action in order to destroy diversity of citizenship. On July 1, 2013, Walsh filed a Motion to Dismiss for failure to state a claim upon which relief may be granted and for insufficient service of process. Plaintiff filed her Motion to Remand on July 3, 2013, and filed an Amended Complaint on July 18, 2013. Marriott filed a response to the Motion to Remand on July 22, 2013. On August 9, 2013, Marriott and Walsh together filed a Motion to Dismiss the First Amended Complaint for failure to state a claim upon which relief may be granted.

## II.   LEGAL STANDARD

"In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006). However, "the removing party carries a heavy burden of persuasion" in establishing fraudulent joinder. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (quotation and citation omitted). "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant[] or seek a joint judgment." Id. (quotation omitted).

"In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed" and "must assume as true all factual allegations of the complaint." Id. at 851-52 (quotation omitted). The court must also "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Id. at 852 (quotation omitted). Significantly, the court's inquiry into the validity of a complaint when faced with an

3

assertion of fraudulent joinder is less searching than that triggered upon the filing of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Id.  Thus, we will not find a defendant's joinder to be fraudulent "[s]imply because we come to believe that, at the end of the day, a state court would dismiss the allegations against a defendant for failure to state a cause of action."  Lyall v. Airtran Airlines, Inc., 109 F. Supp. 2d 365, 367-68 (E.D. Pa. 2000) (citation omitted).  Rather, we will only find fraudulent joinder where the plaintiff's claims are "'wholly insubstantial and frivolous.'"  Batoff, 977 F.2d at 852 (quoting Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989)).  "In other words, a finding of fraudulent joinder is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility."  West v. Marriott Hotel Servs., Inc., Civ. A. No. 10-4130, 2010 WL 4343540, *3 (E.D. Pa. Nov. 2, 2010).  "Fraudulent joinder should not be found simply because plaintiff has a weak case against a non-diverse defendant."  Id. (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

    If we determine that a defendant's joinder was fraudulent, we can "disregard, for jurisdictional purposes, the citizenship of [the] nondiverse defendant[], assume jurisdiction over [the] case, dismiss the nondiverse defendant[], and thereby retain jurisdiction."  Briscoe, 448 F.3d at 216 (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)).  On the other hand, if we determine that we do not have subject matter jurisdiction over the action, because joinder of the non-diverse defendant was not fraudulent, we must remand the case to state court.  Id. (citing 28 U.S.C. § 1447(c)).  Upon remanding a case, we "'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'"  Id. (quoting 28 U.S.C. § 1447(c)).

**III.     DISCUSSION**

Plaintiff argues in her Motion to Remand that Defendants' assertion of fraudulent joinder is baseless, because she has adequately alleged a colorable negligence claim against Walsh, as the general manager of the hotel property.  She therefore contends that we should find that we have no federal jurisdiction over the matter and remand the case to the Philadelphia Court of Common Pleas.  Marriott counters that we should deny Plaintiff's Motion to Remand and assume jurisdiction over the matter, because Plaintiff has no colorable claim or reasonable basis in fact for her claim against Walsh and because Plaintiff's pre-Complaint discovery request establish that Plaintiff has no good faith intention to prosecute the action against Walsh or obtain a joint judgment.  As noted above, the burden of establishing fraudulent joinder lies with Defendants.

A.     Colorable Claim

Under Pennsylvania law, individual liability may be imposed on agents of corporations for torts in which they personally participated.  Wicks v. Milzoco Builders, Inc., 470 A.2d 86, 89-90 (Pa. 1983); Tayar v. Camelback Ski Corp., 957 A.2d 281, 290 (Pa. Super. Ct. 2008), rev'd in part on other grounds, 47 A.3d 1190 (Pa. 2012).  Such liability must be based on "misfeasance," which is "'the doing of something which ought not be done, something which a reasonable man would not do, or doing it in such a manner as a man of reasonable and ordinary prudence would not do it.'"  Brindley v. Woodland Village Rest., Inc., 652 A.2d 865, 868-70 (Pa. Super. Ct. 1995) (quoting Nelson v. Duquesne Light Co., 12 A.2d 299, 303 (Pa. 1940)).

Marriott concedes that agents of corporations may be held liable on this basis, but argues that Plaintiff has failed to allege that Walsh personally participated in any of the negligent conduct on which Plaintiff bases her claims and, thus, Plaintiff has failed to allege a colorable claim for Walsh's individual liability.  However, as noted above, our inquiry on a motion to remand

5

challenging assertions of fraudulent joinder is less searching than the inquiry we employ under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, so that we will only find fraudulent joinder where the plaintiff's claims are "wholly insubstantial and frivolous." Batoff, 977 F.2d at 852 (quotation omitted).

While Marriott is correct that the Complaint never explicitly alleges that Walsh "personally participated" in the negligence alleged, we are unable to conclude that the claims against him are "wholly insubstantial and frivolous," because we find the Complaint's allegations to carry with them reasonable inferences of personal participation. Indeed, Plaintiff specifically alleges that Walsh himself was negligent and caused her injuries insofar as he, inter alia, "caus[ed] and/or permit[ted] the defective condition to remain on the sidewalk," "creat[ed] an unreasonably dangerous condition on the premises," "fail[ed] to properly and/or adequately inspect, maintain and service the premises," "fail[ed] to provide plaintiff . . . with adequate warning," "fail[ed] to . . . instruct his agents, . . . workmen and/or employees in the maintenance of the . . . property" and "fail[ed] to hire and/or employ competent and/or qualified personnel to remove or alleviate the defect." (Compl. ¶ 25(a), (b), (e), (i), (j), (n).) Thus, for purposes of our jurisdictional inquiry, we find that Plaintiff has adequately alleged Walsh's personal participation.

Marriott secondarily argues that the Complaint's allegations as to Walsh have no basis in fact, and it attempts to disprove those allegations by submitting an affidavit from Walsh, which essentially states that he, in spite of being the General Manager of the hotel, had no involvement in the inspection, repair, or maintenance of the sidewalk on which Plaintiff fell. (See Walsh Aff. ¶¶ 4-7.) Marriott maintains that we may consider this affidavit, citing Briscoe for the proposition that a removing defendant may support its contention of fraudulent joinder with "'evidence outside the pleadings, including such supporting documents as affidavits and deposition transcripts, in

6

defendant's attempt to satisfy its burden of fraudulent joinder.'" (Marriott's Resp. in Opp. to Mot. to Remand, at 5 (purporting to quote Briscoe, 448 F.3d at 215-16).) Briscoe, however, does not include that quoted language and, instead, holds only that it is not clear error for a court to engage in "a <u>limited</u> consideration of reliable evidence . . . [either] found in the record from prior proceedings . . . or subject to judicial notice." Briscoe, 448 F.3d at 220 (emphasis added). In addition, Briscoe specifically reiterates the general rule that a court considering a claim of fraudulent joinder should not "step 'from the threshold jurisdictional issue into a decision on the merits,'" and emphasizes that the very "limited look outside the pleadings" to evidence found in prior proceedings or subject to judicial notice does "not risk crossing the line between a proper threshold jurisdictional inquiry and an improper decision on the merits." Id. at 219-20 (quoting Boyer, 913 F.2d at 112). Walsh's affidavit is neither record evidence from a prior proceeding nor evidence that is subject to judicial notice and, in fact, goes right to the merits of Plaintiff's claim. We therefore find that Briscoe does not authorize us to consider it.

There is, however, some caselaw in this District that supports the proposition that, in very limited circumstances, we are authorized to consider affidavits when deciding the question of fraudulent joinder. That caselaw suggests that an affidavit may be pertinent to our fraudulent joinder inquiry if it presents <u>undisputed</u> facts that establish "with complete certainty" that the non-diverse defendant has no liability. Yellen v. Teledne Cont'l Motors Inc., 832 F. Supp. 2d. 490, 504 (E.D. Pa. 2011) (citing Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 881-82 (10th Cir. 1967)). Typically, we may consider such affidavits only if they "completely divorce[] the challenged defendant from the allegations" in the complaint. Lyall, 109 F. Supp. 2d at 368 n.8 (discussing Smoot, 378 F. Supp. 2d at 881-82).

Here, as noted above, Walsh confirms in his Affidavit that he is the former General

7

Manager of the Marriott at 1201 Market Street in Philadelphia, but also states that he "did not personally participate in the inspection, identification and/or repair of the sidewalk defect," "did not direct any employee in the inspection, identification and/or repair of the sidewalk defect," "was not involved in the hiring or firing of any employee involved in the inspection, identification, and/or repair of the sidewalk defect," and "was not involved in the development of any policy, and/or procedure for the inspection, identification and/or repair of the sidewalk defect." (Walsh Aff. ¶¶ 1, 4-7.)  His sworn statements thereby contradict the allegations in the Complaint, including the allegations that Walsh "[i]ndividually" "caus[ed] . . . the defective condition . . . on the sidewalk," "fail[ed] to properly and/or adequately inspect, maintain and service the premises," and "negligently hir[ed] and/or retain[ed] . . . individuals known to be not properly trained or fit for the task of real estate maintenance."[1]  (Compl. ¶¶ 25(a), (e), (p).)  Under these circumstances, and considering our obligation to accept the factual allegations in the Complaint as true, see Batoff, 977 F.2d at 851-52, we cannot consider the facts asserted in Walsh's self-serving affidavit to be undisputed for purposes of assessing fraudulent joinder.  See, e.g., Greenberg v. Macy's, Civ. A. No. 11-4132, 2011 WL 4336674, at *5 (E.D. Pa. Sept. 15, 2011) (refusing to consider affidavits that contradict allegations of complaint in fraudulent joinder analysis (citing Briscoe, 448 F.3d at 217–18, 220, and Boyer, 913 F.2d at 112–13)).  Moreover, given Walsh's admitted position as General Manager of the hotel, we simply cannot find the statement in the affidavit to "completely divorce" Walsh from the allegations of the Complaint, which involve Plaintiff's fall

---

[1] Although the Third Circuit has stated that we are to "focus on the complaint at the time the petition for removal was filed," Batoff, 977 F.2d at 851, we note that Plaintiff has filed a First Amended Complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  In the First Amended Complaint, she more specifically alleges that Walsh was personally responsible for the inspection, maintenance, and repair of the accident site and that he, among other things, created a dangerous and/or defective condition on the premises.  (See First Am. Compl. ¶¶ 37, 46(k).)  We do not, however, rely on these refined allegations in ruling on Plaintiff's Motion to Remand.

on hotel property.  Lyall, 109 F. Supp. 2d at 368 n.8.  Accordingly, we will not alter our determination that Plaintiff has asserted a colorable claim against Walsh based on the contents of Walsh's affidavit.

In sum, we conclude that Defendants have failed to meet their heavy burden of establishing that Plaintiff's claims against Walsh are "wholly insubstantial and frivolous."  Batoff, 977 F.2d at 852 (quotation omitted).   We therefore reject Marriott's argument that we should deny Plaintiff's Motion to Remand based on Plaintiff's failure to assert a colorable claim against Walsh.

### B. Good Faith Intention to Prosecute or to Seek a Joint Judgment

Marriott also argues that we should deny Plaintiff's Motion to Remand because the record reflects that Plaintiff does not have a good faith intention to prosecute this action against Walsh or to seek a joint judgment but, rather, joined him solely to defeat diversity jurisdiction.  In support of this assertion, Marriott argues that, if Plaintiff truly intended to prosecute her claims against Walsh, she would have included the general manager of the Marriott Residence Inn, if only by title, in her writ of summons.  It also urges us to find a lack of good faith in Plaintiff's request in her pre-Complaint discovery for the name and address of the general manager, and her subsequent request for information as to the state in which the manager resided, even after defense counsel specifically advised her that she could contact Walsh through defense counsel.

We can, however, discern no lack of good faith in Plaintiff's actions.  As Plaintiff explains in her Motion to Remand, she simply added Walsh as a defendant after she was able to identify him by name through pre-Complaint discovery.  (Mot. to Remand ¶¶ 8-9.)  Moreover, we do not find her simple inquiry into Walsh's state of residence to establish that her overriding goal was to

9

identify an out-of state individual who would destroy diversity.[2]  Finally, Plaintiff has demonstrated her actual intention to prosecute this action against Walsh by serving him with the Complaint on May 31, 2013, by handing a copy of the Complaint to the Human Resource Manager at the Marriott at 1201 Market Street.[3]  (See Aff. of Serv., attached as Ex. M to Notice of Removal.)

We therefore find that Defendants have failed to meet their heavy burden of establishing that Plaintiff has no good faith intention to proceed against Walsh or to seek a joint judgment and thus has fraudulently joined him in this action.  Accordingly, we find that Defendants have failed to establish diversity jurisdiction and, for that reason, we grant Plaintiff's Motion to Remand.

    C.    <u>Attorney's Fees</u>

A court may grant a plaintiff's request for attorney fees and costs associated with a motion to remand if there was no "objectively reasonable basis for removal."  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 136 (2005); <u>see also</u> 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  "District courts have broad discretion to consider the circumstances of each case, but should exercise that discretion in light of the objectives of § 1447(c) -- to discourage the use of removals as a means of prolonging litigation and imposing costs on the plaintiff while

---

[2] In fact, the Complaint suggests that Plaintiff may have also believed Marriott to be a citizen of Pennsylvania, as she alleges that Marriott has its "principal office" in Philadelphia. (Compl. ¶¶ 2, 6(b); see 28 U.S.C. § 1332(c)(1) (stating that a corporation shall be deemed to be a citizen of the state in which it has its principal place of business)).

[3] Walsh argues in his Motion to Dismiss the Complaint that this service was inadequate under the Pennsylvania Rules of Civil Procedure.  However, we do not reach this argument -- or any other arguments raised in that Motion to Dismiss or the second Motion to Dismiss filed by both Walsh and Marriott -- because we find that we do not have subject matter jurisdiction over the case.

generally allowing litigants the right of removal." Royal Bank America v. Kirkpatrick, Civ. A. Nos. 11–1058, 11–1112, 2011 WL 4528349, at *5 (E.D. Pa. Sept. 30, 2011) (citing Martin, 546 U.S. at 140–41).

Here, although we grant Plaintiff's Motion to Remand, we cannot conclude that Defendants had no objectively reasonable basis for removal. To be sure, Plaintiff's Complaint is short on specific facts supporting her claim against Walsh. Moreover, there are certainly questions as to why she would desire to proceed against Walsh individually when, if she proves her claims, she could presumably recover all of her damages against Marriott. Thus, we will not sanction Defendants for raising the issue of fraudulent joinder, even though we find that they have not met their heavy burden of persuasion in establishing that Walsh's joinder in this action was fraudulent. Consequently, we deny Plaintiff's request for attorney's fees and costs.

## IV. CONCLUSION

For the reasons stated above, we grant Plaintiff's Motion to Remand insofar as it seeks remand, but deny the Motion insofar as it seeks and award of attorney's fees and costs. We therefore remand this case to the Court of Common Pleas of Philadelphia County. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.